UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SEAN C. COOPER                                                       CIVIL ACTION

VERSUS                                                               NO. 12-2934

GEORGE BOLTON,                                                       SECTION "N" (3)
WESTEND CAPITAL MANAGEMENT, LLC,
CHRISTEN HARDY and CONSTELLATION
INVESTMENT CONSULTING CORPORATION

## ORDER AND REASONS

Presently before the Court are various motions, including one seeking to compel Plaintiff to submit the claims asserted herein to arbitration. See Rec. Docs. 7, 18, 32 and 34. The Court rules on the motions as set forth herein.

## Background

This action is related to another pending before the Court, *i.e.,* Civil Action Number 12-2572. Both matters assert claims regarding Plaintiff's, Sean C. Cooper's, July 31, 2012 expulsion as a member of Defendant WestEnd Capital Management, L.L.C. ("WestEnd"), and related, subsequent events. As also set forth in the August 26, 2013 Order and Reasons entered in the action,[1] George Bolton Holdings, LLC ("Bolton"), Robert Gustave Ozag ("Ozag"), and Plaintiff entered into a "First Amended and Restated Operating Agreement" ("Operating Agreement") for

---

[1] See Civil Action No. 12-2572, Rec. Doc. 53.

1

WestEnd, as its Members and Managers, on or about September 15, 2009.[2] Section 4.9 (c) of the Operating Agreement provides that the managers may expel Ozag, Plaintiff, or Bolton from WestEnd only upon unanimous consent of all Managers other than the Manager being expelled and only if such Manager's relationship with WestEnd is terminated for cause.[3]

Almost three years later, on or about July 31, 2012, Ozag and Bolton voted to expel Cooper from WestEnd.[4] On August 3, 2012, George Bolton hand delivered a letter to Plaintiff, notifying him that he had been expelled from WestEnd on the basis of allegations of conduct constituting "cause," as defined by the Operating Agreement, and that he had been banned from WestEnd's business premises.[5]

Later that month, on August 25, 2012, WestEnd filed a "Verified Petition for a Temporary Restraining Order and Preliminary Injunction and Permanent Injunctive Relief" against Plaintiff in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] Judge Lloyd Medley entered a temporary restraining order that same day.[7] On September 4 or 5, 2012, the TRO was extended until September 14, 2012, when it apparently expired.[8] Thereafter, on October 22,

---

[2] See Rec. Doc. 7-2.

[3] *Id.*, p. 10 of 33.

[4] See August 3, 2012 Letter (Rec. Doc. 1-1).

[5] *Id.*

[6] See Verified Petition (Rec. Doc. 1-3, pp. 1-7 of 17), *WestEnd Capital Management, LLC v. Sean Cooper*," Civil Action No. 2012-8341, Civil District Court, Parish of Orleans, State of Louisiana.

[7] See Order dated August 25, 2012 (Rec. Doc. 1-3, pp. 14-16 of 17).

[8] See Order dated September 5, 2012 (Rec. Doc. 1-3, p. 13 of 17).

2012, WestEnd filed a motion to dismiss the state court action with prejudice.[9] An order of dismissal was entered later that day.[10]

Prior to dismissing its state court action, WestEnd commenced an arbitration proceeding, on September 26, 2012, by filing a "Demand for Arbitration Before JAMS," requesting a hearing in San Francisco, California, as well as a "Statement of Claim."[11] On October 22, 2012, Plaintiff filed an objection to the arbitration proceeding. On December 12, 2012 Plaintiff commenced this action by filing a "Complaint for Declaratory Judgment."[12] The motions presently before the Court ultimately followed.

## I. Motion to Compel Arbitration (Rec. Doc. 7)

With this motion, Defendants George Bolton, WestEnd Capital Management, LLC, George Elliman, and Christen Hardy ("Defendants"), seek to require Plaintiff, as a party and signatory to the abovementioned Operating Agreement, to arbitrate the claims asserted herein, as part of a JAMS arbitration proceeding presently pending between WestEnd, George Bolton Holdings, LLC, Gustave R. Ozag, as claimants, and Plaintiff, as respondent.[13] Plaintiff opposes the motion, in part because Defendants Bolton (in his individual capacity), Elliman, and Hardy are not

---

[9] See "Motion to Dismiss" dated October 22, 2012 (Rec. Doc. 14-2).

[10] See Order dated October 22, 2012 (Rec. Doc. 14-3).

[11] See Rec. Docs. 14-4 and 14-5.

[12] See Rec. Doc. 1.

[13] See First Amended Statement of Claim and Statement of Claim, *WestEnd Capital Management, LLC, et al., v. Sean C. Cooper*, JAMS Arbitration Case No. 1100071836 (Rec. Docs. 14-4 and 14-5).

signatories to the Operating Agreement.[14]

Under applicable law, as Defendants contend, a party to an arbitration agreement, under certain circumstances, may be equitably estopped from litigating claims against persons who are not parties to the arbitration agreement and, moreover, required to arbitrate those claims. Specifically, as explained by the Fifth Circuit in *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 398 (5th Cir. 2006):

> Although arbitration is a matter of contract that generally binds only signatories, a party to an arbitration agreement may be equitably estopped from litigating its claims against non-parties in court and may be ordered to arbitration. [*Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 526 (5th Cir. 2000)] (citing *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir.1999)). In *Grigson*, we held that a non-signatory to an arbitration agreement can compel arbitration: (1) when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against a non-signatory; or (2) when the signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the contract. *Id.* at 527. [] "[T]he result in *Grigson* and similar cases makes sense because the parties resisting arbitration had expressly agreed to arbitrate claims of the very type that they asserted against the nonsignatory." *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 361 (5th Cir. 2003).

Given the equitable nature of the remedy, however, the decision whether to order such arbitration is one committed to the discretion of the district court. *Brown*, 462 F.3d at 398-99; *Grigson*, 210 F.3d at 527-28; see also *Hill v. GE Power Systems, Inc.*, 282 F.3d 343, 349 (5th Cir. 2002). Furthermore, even if a court declines to compel arbitration of claims asserted against non-

---

[14] Plaintiff additionally argues that arbitration is precluded because of WestEnd's October 22, 2012 dismissal with prejudice of its then pending litigation in Louisiana state court against Plaintiff. This contention is rejected for the reasons set forth in the Court's August 26, 2013 Order and Reasons (Rec. Doc. 53) in Civil Action No. 12-2572.

signatories, it may nevertheless stay litigation of the claims whilst arbitration between the signatories to the arbitration agreement is ongoing. *Hill*, 282 F.3d at 349.

Applying these principles here, the Court concludes, on the showing made, that the *Grigson* test appears satisfied relative to at least certain of the claims Plaintiff urges against Defendants in his original complaint. Specifically, Counts 2-6 all allege misconduct by Defendants Hardy, Elliman, and Bolton resulting directly in Plaintiff's wrongful expulsion from WestEnd, at the behest of Bolton and Ozag, on or about July 31, 2012.[15] Significantly, Plaintiff's alleged misconduct purportedly providing the basis for that expulsion is the subject of pending arbitration between Plaintiff, WestEnd, and WestEnd members George Bolton Holdings, LLC and Gustave R. Ozag.[16] Further, according to Plaintiff, Defendant Hardy, WestEnd's Chief Compliance Officer, and Defendant Elliman, a WestEnd salesperson, acted within the course and scope of their employment at all material times; alternatively, WestEnd allegedly ratified all of Hardy's and Elliman's conduct.[17] Additionally, although Bolton is not signatory to WestEnd's Operating Agreement, in his individual capacity, he is the sole member of George Bolton Holdings, LLC, which is. Finally, even the August 3, 2012 letter purporting to expel Plaintiff as a WestEnd member is signed by "George Brown Bolton," rather than George Bolton Holdings, LLC.

Plaintiff's complaint seemingly is not limited, however, to conduct allegedly resulting in his expulsion from WestEnd. Rather, he also asserts claims – including the malicious prosecution

---

[15] See Complaint (Rec. Doc. 1).

[16] See First Amended Statement of Claim and Statement of Claim, *WestEnd Capital Management, LLC, et al., v. Sean C. Cooper*, JAMS Arbitration Case No. 1100071836 (Rec. Docs. 14-4 and 14-5).

[17] See Complaint (Rec. Doc. 1), ¶13.

claim asserted against WestEnd and Hardy in Count 1–premised upon the state court suit filed against him by WestEnd, and Hardy's verification of the allegations of the state court petition. Significantly, the state court petition avers alleged post-expulsion conduct by Plaintiff, rather than the pre-expulsion conduct at issue in the pending JAMS arbitration proceeding.

Lastly, Plaintiff's amended complaint (Rec. Doc. 12) alleges statements regarding Plaintiff made by Defendant Hardy solely in the context of a custody proceeding regarding her minor child's residency. It is not apparent to the Court that these allegations satisfy either aspect of the *Grigson* test.

Considering all of the foregoing, **IT IS ORDERED** that Defendants' motion to compel arbitration (Rec. Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **GRANTED** to the extent that Plaintiff is ordered to pursue his claims premised upon Defendants' alleged conduct ostensibly resulting "directly in Plaintiff's wrongful expulsion from WestEnd." Given that the *Grigson* test is met relative to these claims, and that their inclusion within the pending JAMS arbitration proceeding should be feasible, if Plaintiff desires to pursue them, the Court will order the relief requested by Defendants.

The motion is **DENIED**, however, with respect to Plaintiff's claims premised upon the state court suit filed against him by WestEnd, and Hardy's verification of the allegations of the state court petition. The motion likewise is **DENIED** as to Plaintiff's allegations, in his amended complaint, regarding Hardy's statements in the course of the state child custody proceeding. As explained above, and as urged by the defendants in the related action, No. 12-2572, the material facts constituting the subject matter of the state court suit differ from those involved in the pending arbitration proceeding. The same is true with respect to the allegations made in Plaintiff's amended

complaint in this action.[18] Furthermore, given that a hearing in the pending JAMS arbitration proceeding is scheduled to be held in November 2013, inclusion of these claims in that proceeding, absent agreement by the parties, likely would be problematic.[19] Under these circumstances, the Court does not find application of the equitable remedy authorized in *Grigson* appropriate.

**II.     Plaintiff's Motion to Strike (Rec. Doc. 18)**

Presently before the Court, filed pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, is Plaintiff's motion to strike Exhibit B (Rec. Doc. 7-3) to Defendants' Motion to Compel Arbitration, which is a petition filed in *Medlock Harbison, Jr., v. WestEnd Capital Management, LLC*, Civil Action No. 2012-10570, Civil District Court, Parish of Orleans, State of Louisiana. Because the relevance, if any, of the *Harbison* petition to Defendants' motion to compel arbitration is not apparent, **IT IS ORDERED** that Plaintiff's motion to strike (Rec. Doc. 18) is **GRANTED** for purposes of the Court's consideration of Defendants' motion.

**III.    Defendants' Motion to Strike (Rec. Doc. 34)**

Defendants' motion asks the Court to strike the first two arguments in Plaintiff's Sur-Reply (Rec. Doc. 31), regarding WestEnd's alleged hiring of Tectus Management Services , LLC, a private security company, following Plaintiff's expulsion. Defendants maintain Plaintiff's assertions are inaccurate, immaterial, and calculated to prejudice. On the showing made, **IT IS ORDERED** that the motion (Rec. Doc. 34) is **GRANTED** for purposes of the Court's consideration of the Defendants' motion to compel arbitration.

---

[18]    See Rec. Doc. 12.

[19]    The Court notes that Defendants' motion seeks to compel Plaintiff to arbitrate his claims in the *pending* JAMS arbitration proceeding, JAMS Case No. 1100071836, rather than merely requesting arbitration. *See* Rec. Docs. 7, p. 1; 7-1, pp. 3, 18.

## IV. Defendant Constellation Investment Consulting Corp.'s Motion to Dismiss (Rec. Doc. 32)

With its motion, Defendant Constellation Investment Consulting Corporation ("Constellation") seeks dismissal of two of Plaintiff's claims – Count 2 for defamation and Count 5 for conspiracy – insofar as they are alleged against it. As set forth in Constellation's motion, Plaintiff alleges only that WestEnd hired Constellation to examine its books and records prior to Plaintiff's termination, and that Constellation's employee, Greg Farrington, communicated to Hardy, Bolton, Elliman, and Gustave Ozag that Plaintiff was "crazy," and should be expelled as a member of WestEnd. See Complaint (Rec. Doc. 1) at ¶¶ 19, 59, 73.

Rule 8 requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Similarly, in evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). Finally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Applying these principles here, Plaintiff's defamation claim, as presently alleged

against Constellation, asserts only a statement of opinion and, thus, lacks requisite factual allegations. His conspiracy claim likewise is deficient in that no concerted action or agreement among co-conspirators is alleged. Accordingly, **IT IS ORDERED**, on the showing made, that Constellation's motion is **GRANTED** to the extent that Plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that, if Plaintiff desires to proceed further with his claims against Constellation, he must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file an amending and superseding complaint remedying the pleading deficiencies identified herein. The amending and superseding complaint must include all of the allegations from Plaintiff's original and first amended complaints (Rec. Docs. 1 and 12) on which he continues to rely, as well as his additional allegations. If Plaintiff cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon motion by Constellation, order that the dismissal of Plaintiff's claims against it be with prejudice.

New Orleans, Louisiana, this 26th day of August 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**