UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN C. COOPER | CIVIL ACTION |
| VERSUS | NO.  12-2934 |
| GEORGE BOLTON,<br>WEST END CAPITAL MANAGEMENT, LLC,<br>CHRISTEN HARDY and CONSTELLATION<br>INVESTMENT CONSULTING CORPORATION | SECTION  "N"  (3) |

## <u>ORDER AND REASONS</u>

Presently before the Court is a "Partial Motion to Dismiss Plaintiffs' Superseding Complaint" (Rec. Doc. 125) filed by Defendants, George Bolton, WestEnd Capital Management, LLC, George Elliman, Christen Hardy, Gustave Ozag, and George Bolton Holdings, LLC ("Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having carefully considered the parties' supporting and opposing submissions, and applicable law, **IT IS ORDERED** that Defendants' motion seeking dismissal of three of Plaintiffs' claims is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, if Plaintiff desires to attempt to rectify the pleading shortcomings identified herein,  **IT IS FURTHER ORDERED** that he must file to file a second amended and superseding complaint  no later than twenty (20) days from the entry of this Order and Reasons.  The second amended and superseding complaint must include all of the allegations from Plaintiff's first

superseding and amending complaint (Rec. Doc. 116) on which he continues to rely, as well as his additional allegations, such that the case can proceed on the basis of the second amended and superseding complaint without requiring further reference to prior pleadings. Should Plaintiff fail to timely make the necessary amendment, the Court shall, upon properly supported motion by the Defendants, order that the affected claims be dismissed with prejudice.

## LAW AND ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, in evaluating motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal,* 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* (internal quotations omitted). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009); see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted). See also *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th. Cir.), *cert. denied,* 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001).

3

Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 678 (quoting Fed. Rule Civ. P. 8(a)(2)).

In addition to Rule 8(a)(2)'s pleading demands, Rule 9(b) supplements Rule 8(a), if fraud is alleged, by requiring circumstances allegedly constituting fraud be stated with particularity. *See* Fed. R. Civ. Proc. 9(b); *Grubbs,* 565 F.3d at 185.   Thus, Rule 9(b) generally requires the plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud." *See, e.g., United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010);  *see also Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (2010) (claimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent").   Significantly, however, courts must realistically observe that "there is no single construction of Rule 9(b) that applies in all contexts." *Grubbs*, 565 F.3d at 188. Indeed, the Fifth Circuit has explained that the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Id.* at 190.   "Rather, the rule is context specific and flexible . . . ." *Id.* On the other hand, a relator cannot bypass  Rule 9(b)'s pleading requirements simply by premising its allegations "on information and belief." *Thompson,* 125 F.3d at 903.   To the contrary, though fraud may be alleged on information and belief if the "facts relating to the fraud are peculiarly within the perpetrator's knowledge," the complaint nevertheless "must set forth a factual basis for such belief." *Id.*

Applying these principles to the allegations of Plaintiff's superseding and amending Complaint (Rec. Doc. 116), the Court finds that Defendants' motion should be denied to the extent it seeks dismissal of Plaintiff's fraud claim.   The Court reaches this conclusion for essentially the

reasons stated by Plaintiff in his opposition memorandum (Rec. Doc. 129).  Further, Defendants can obtain additional information regarding Plaintiff's fraud claim via discovery.

Regarding Plaintiff's claims pursuant to the Shared Wire and Electronic Communications and Transactional Records Act ("SECTRA"), 18 U.S.C. § 2701, et seq., and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(4), premised upon Defendant Hardy's accessing (and then utilizing) his WestEnd email account and other documentation stored on WestEnd's computer server pertaining to him, the Court focuses first on information found in WestEnd's computer files by virtue of  Plaintiff's (and his wife's) status as a WestEnd customer. With respect to this information, Plaintiff sufficiently alleges WestEnd's 2012 Compliance Manual restricted employee access of this information to that necessary for the provision of products or services to clients.  In other words, the Court finds Plaintiff to have sufficiently alleged that Hardy lacked authority to access such information for use in her child custody dispute and/or for use in membership related litigation.  Accordingly, on the showing made, the Court finds Plaintiff's allegations regarding this information satisfactorily allege unauthorized access for purposes of establishing a violation of SECTRA and the CFAA.

The cited Compliance Manual provisions, however, do not appear to establish parameters for access by WestEnd employees of information regarding current (or former) WestEnd members, officers, or other employees found within WestEnd computer files by virtue of that person's status as a WestEnd member or employee, rather than client.  The same is true relative to access by former WestEnd employees who, in the midst of their departure from employment, temporarily maintain the practical ability (even if not authorization) to access such files. Accordingly, with respect to this category of information, Defendants' motion is granted such that,

if Plaintiff wishes to proceed further with this aspect of his claims, he must timely amend his allegations to address the authorization (or lack thereof) that WestEnd gave to Defendant Hardy relative to such files.

Additionally, with respect to Plaintiff's CFAA claim, the Court agrees with Defendants' contention that Plaintiff's current allegations relative to "loss" are insufficient to state a viable claim. Although Plaintiff may be correct that Defendant Hardy has refused to provide Plaintiff with a copy of the records that she took from the WestEnd server, he does not sufficiently set forth how such deprivation has yielded the monetary loss (based on economic damages) required by 18 U.S.C. §§ 1030(g) and 1030(c)(4)(A)(i)(I). Nor is it apparent to the Court, on the showing made, that the attorney's fees and costs incurred by Plaintiff in pursuing the claims asserted herein satisfy this requirement. Accordingly, Defendant's motion is likewise granted to the extent that Plaintiff must amend his CFAA claim relative to damages if he desires to pursue that claim any further.

Finally, in denying Defendants' motion in part, as set forth herein, the Court emphasizes that the instant ruling certainly does not insulate those aspects of Plaintiff's claims from dismissal by means of a properly supported motion for summary judgment. Rather, the Court rules on the Defendants' motion considering the information presently available to it and the principles of law establishing the parameters of the Court's resolution of motions filed pursuant to Rule 12(b)(6).

New Orleans, Louisiana, this 2nd day of February 2015.

**KURT D. ENGELHARDT**
**United States District Judge**

6